CRAIN, J.,
dissenting.
U disagree with the majority’s finding that' Louisiana Revised Statute 47:301(10)(g) sets forth an exclusion to the sales tax that is to be construed liberally in favor of the taxpayer. A tax exclusion relates to a transaction that is hot. taxable because it falls outside the scope of the statute giving rise to the tax, d6 initio. Transactions excluded from the tax are those which, by the language of the statutes, are defined as beyond the reach of the tax. Harrah’s Bossier City Investment Company, LLC v. Bridges, 09-1916 (La.5/11/10), 41 So.3d 438, 446. In contrast, a tax exemption is a provision that exempts from tax a transaction that would, in the absence of the exemption, otherwise be subject to tax. Harrah’s, 41 So.3d at 446. Section 47:301(10)(g) excepts from the definition of “retail sale” certain transactions that would otherwise be subject to tax, therefore, by the definition provided in Harrah’s, it is a tax “exemption”.
As ¡ a tax exemption, Section 47:301(10)(g) must be strictly construed in favor of the Department and must be clearly, unequivocally and affirmatively established by the taxpayer. The exemption applies only to the sale of corporeal movable property intended for future sale to the government “when title to such.property is transferred to the United States government or its agencies prior to the incorporation of that property into a final product.” La. R.S. 47:301(10)(g). The subject contract specifies that title to the clay passes to the COE upon delivery, but only if the contract also contains a provision directing the contractor to purchase materials for which the government must reimburse the contractor as a direct item |¡>of cost. Odebrecht failed' to establish that its contract contains the required provision that would result in the passing of title at the time of delivery, as opposed to some other time or triggering event.
For these reasons, I respectfully dissent and would reverse the judgment of the trial court.